Kenneth S. Hixson, Judge, concurring.
I agree with the majority's disposition of this appeal. There was no reversible error under either of the first two points. However, this case must be remanded for the trial court to conduct an in camera review of the prosecutor's notes of the March 6, 2017 interview with K.S. to determine whether they were required to be disclosed to Harper and whether they contain information that probably would have changed the outcome of the trial. I write separately because, although the trial court's refusal to place the notes under seal for appellate review was the more serious error, I also believe under the circumstances of this case that the trial court abused its discretion in not conducting an in camera review of the notes.
Arkansas Rule of Criminal Procedure 19.6 provides:
The court may permit any showing of cause in whole or in part for denial or *606 regulation of disclosures to be made in camera. A record shall be made of such proceedings. If the court enters an order granting relief following a showing in camera, the entire record of such showing shall be sealed and preserved in the records of the court, to be made available to the appellate court in the event of an appeal.
The majority correctly states that an in camera review is discretionary under Rule 19.6. In Yates v. State , 303 Ark. 79, 794 S.W.2d 133 (1990), the supreme court stated that the beginning language of Rule 19.6, "the court may permit," reflects its permissive nature. "The discretionary language of the rule permit[s] the trial court to hold an in-camera proceeding." Yates , 303 Ark. at 82, 794 S.W.2d at 134. In Wolford v. St. Paul Fire & Marine Insurance Co. , 331 Ark. 426, 961 S.W.2d 743 (1998), the supreme court stated that the word "may" as used in a rule implies permissive or discretional, rather than mandatory, action. See also Michael v. State , 2012 Ark. 256, 2012 WL 1950256 (holding that a rule containing the word "may" makes it clear that the matter is discretionary with the trial court).
Although the decision of whether to conduct an in camera hearing is discretionary as opposed to mandatory, in my view there was an abuse of discretion under these circumstances. Harper argued below that the trial court should review the prosecutor's notes to determine whether they contained any statements by the victim or any Brady material.[1] The primary evidence against Harper at trial was the victim's testimony that Harper had sexually abused her. The victim, K.S., had first reported the sexual abuse to a counselor in March 2015. However, K.S. recanted her allegations in June 2015. Twenty-one months later, in March 2017, K.S. had a two-hour meeting with prosecutors, and a month after that, K.S. reaffirmed her allegations of sexual abuse to the counselor. As in Pennsylvania v. Ritchie , 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987), the trial court should have at least reviewed the file to determine the materiality of its content.[2] The trial court should then have made a determination as to whether there were any statements or Brady material to which Harper was entitled. The trial court's failure to do so constituted an abuse of the trial court's discretion.
The trial court compounded the error by refusing to allow Harper to make a record by including the prosecutor's notes under seal for appellate review. That effectively insulated the trial court from review because it is impossible to say whether any information in the prosecutor's notes should have been disclosed to the defense or would have likely changed the outcome of the trial. I concur with the majority's decision to affirm in part and to remand for further proceedings to include an in camera review of the prosecutor's notes for the reasons set forth herein.

Brady material is evidence favorable to the accused, either because it is exculpatory or because it is impeaching, which the State has an obligation to disclose. See Brady v. Maryland , 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

In Ritchie , a sexual assault case, the Supreme Court remanded for an in camera review of a Children-and-Youth-Services investigative file that Ritchie claimed may have changed the outcome of the trial.